## Case No. 5,998.

### HAMMER v. KLEIN et al.

[1 Bond, 590.] [1]

Circuit Court, S. D. Ohio. Oct. Term, 1865.

PROFERT OF DOCUMENTS—EFFECT—RIGHT TO OYER —SPECIAL PLEADING.

1. If, in his declaration, a plaintiff makes profert of the bond declared on, and also a collateral agreement necessary to establish his right to recover on the bond, the defendant may crave oyer of the bond and the collateral agreement.

2. As the legal effect of the profert of the papers. they are presumed to be in court, and the opposing party has a right to know their contents, and oyer will be granted on his application.

3. The right to oyer in a proper case, is a part of the common law system of special pleading, which, in a modified form, has obtained in this court from its first organization.

[At law. Action by Adolph Hammer against Klein & Bro.]

Kebler & Whitman, for plaintiff.
Stallo & Kittredge, for defendants.

OPINION OF THE COURT. This case is before the court on a motion by the counsel of the defendants for an order on the plaintiff for oyer of the bond and agreement set forth in the declaration. For the purposes of this motion, it is not necessary to state in detail the particulars of the plaintiff's claim as set out in the declaration. The plaintiff's cause of action is based on a bond executed by one of the defendants in the penalty of $30,000, in connection with a collateral agreement signed by the parties, by which the plaintiff bound himself to do certain acts therein specified, before the defendants should incur the penalty named in the bond. These acts, the declaration avers, have been performed by the plaintiff, whereby the defendants have become liable to pay the penalty of the bond. The declaration makes profert, both of the bond and the collateral agreement.

The counsel for the plaintiff insists that in this state of the case the defendants are not entitled to oyer as prayed for, either by the rules of pleading in this court, or by the common law. There can be no question, that under the common law system of pleading,

oyer of any instrument of writing, of which profert is made in the declaration, may be demanded, and will be granted, of course. As to instruments of writing collateral to the bond, it is clear, if profert is made of them, oyer may be craved, although the profert may have been made without any necessity for it. Profert being made, the writing is presumed to be in court, and oyer may be required. 1 Chit. Pl. (Ad. Ed.) 363; Steph. Pl. 447. In this case, it seems, profert of the agreement was properly made, as it was essential to give the plaintiff a right of action on the bond. It is, in fact, the sole basis of his claim to recovery on the bond, and oyer may be claimed, both of the bond and the collateral agreement.

It seems to be supposed by plaintiff's counsel that the right of a party in a case in this court, to demand oyer, is abrogated by the operation of the seventh rule of this court, adopting certain provisions of the Ohio Code as rules of this court. But this rule clearly applies only to such papers or instruments of writing, which are to be used incidentally as evidence, and not to such as are in the possession of the plaintiff, and which constitute the basis of the action. Neither the rule referred to, nor any other rule of this court, has abolished the common law system of special pleading. Though the system has been greatly modified, it still exists, and has existed and been recognized from the first organization of the federal courts in this district. And the right to demand oyer in proper cases, being a part of this system of pleading, the court has no hesitation in making the order prayed for in this case. Oyer is accordingly ordered.

[As to the nature of the bond and agreement sued upon in this case, see Case No. 5,997.]